FILED

FEB 01 2016

JULIE RICHARDS JOHNSTON, CLERK
US DISTRICT COURT, EDNC
BY [signature] DEP CLK

# UNITED STATES DISTRICT COURT

for the

Eastern District of North Carolina

United States of America
v.

Marcus Williams

*Defendant(s)*

Case No. 5:16-MJ-1109-JG

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of November 13, 2015 in the county of Johnston in the Eastern District of North Carolina, the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| Title 21 U.S.C. §§846 and 841(a)(1) | - Conspiracy to Manufacture and Distribute Methamphetamine; |
| Title 21 U.S.C. § 841(a)(1) | - Possession of Methamphetamine with the intent to Distribute; |
| Title 21 U.S.C. § 841(c)(1) | - Possession of Pseudoephedrine with the intent to Manufacture Methamphetamine; |
| Title 18 U.S.C. § 924(c)(1)(A) | - Possession of a Firearm in Furtherance of a Drug Trafficking Offense |

This criminal complaint is based on these facts:

See attached

☑ Continued on the attached sheet.

[signature]
*Complainant's signature*

Special Agent Tanisha M. Jeter
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 1 February 2016

[signature]
*Judge's signature*

City and state: Raleigh, NC

U.S. Magistrate Judge James E. Gates
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. ______________________

| IN THE MATTER OF THE COMPLAINT AGAINST AND ARREST OF: MARCUS WILLIAMS |
|---|

**AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR ARREST WARRANT**

I, **Special Agent Tanisha M. Jeter**, being first duly sworn, hereby depose and state as follows:

1. Your Affiant is a Special Agent (S/A) with the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF). I have been so employed since 3/23/2015 and am currently assigned to the Raleigh, North Carolina Field Office. Prior to joining ATF, I served for 11 months as a Special Agent for the North Carolina State Bureau of Investigation (SBI) and prior to that, 2 years as a Special Agent with North Carolina Alcohol Law Enforcement. As a result of my employment, I have investigated numerous felony charges for both State and Federal court. I have received extensive training and education in criminal investigations. I graduated from the Federal Law Enforcement Training Center and the ATF National Academy. My Bachelor of Arts Degree in Criminal Justice was awarded from Livingstone College in 2007 and I additionally obtained a Master of Science Degree from Capella

University with a Specialization in Public Safety and a Concentration in Forensics in 2012. My training and experience have caused me to become familiar with the Federal criminal laws.

2. I have collected the information contained herein through my personal observations as well as through the observations of law enforcement colleagues. I have not included all information known to me, but rather sufficient information to support the currently sought complaint and arrest warrant for Marcus WILLIAMS for Conspiring to Manufacture and Distribute Methamphetamine in violation of Title 21 U.S.C. §§846 and 841(a)(1), Possession of Pseudoephedrine with the intent to Manufacture Methamphetamine in violation of 21 U.S.C. § 841(c)(1), Possession of Methamphetamine with the intent to Distribute in violation of 21 U.S.C. § 841(a)(1), and Possession of a Firearm in Furtherance of a Drug Trafficking Offense in violation of 18 U.S.C. § 924(c)(1)(A).

3. On 8/21/2015, ATF S/A Stephen Babits and Cary Police Department Detective Jim Young interviewed Marcus WILLIAMS (WILLIAMS) at the ATF Raleigh Field Office located in Raleigh, NC. WILLIAMS had previously been notified that S/A Babits wished to speak with him. WILLIAMS arrived at the ATF with his brother, Craig Williams, who waited in the lobby while WILLIAMS spoke with S/A Babits and Detective Young. At the outset, WILLIAMS was explicitly informed that he was not under arrest and that the

agents simply wanted to speak with him. During the interview, WILLIAMS confirmed that he lived at 620-E Pecan Lane in Garner, NC, and claimed that he knew they wanted to talk to him about an acquaintance of his. WILLIAMS went on to admit to having used Methamphetamine that very day prior to meeting with the agents. WILLIAMS additionally claimed that he did not cook Methamphetamine but that he had a Mexican source of supply. He stated he would generally sell two (2) grams of methamphetamine a week over the course of one year to an individual identified as James Curtis DENTON at the price of one hundred dollars ($100) per gram.[1]

4. On 11/6/2015, surveillance was conducted of WILLIAMS' residence (620-E Pecan Lane, Garner NC). At one point, WILLIAMS was observed inside the house, going to a boxfan blowing out of the residence at one of the windows, and a cloud of smoke subsequently billowing out through the fan into the back yard. WILLIAMS was then seen shaking a two-liter bottle and releasing some sort of gas at the fan causing fumes to be released. Afterwards, WILLIAMS turned out the lights and appeared to put a flashlight up to the bottom of the two litter bottle. Your Affiant is aware, through training and experience, that Methamphetamine cooks often use house hold fans blowing out as a way of exhausting fumes during the "cook" process and that

[1] Two grams per week for one year (52 weeks) equals a total of 104 grams.



shaking and releasing of pressure from the two-liter bottle is consistent with the process of making methamphetamine which would settle to the bottom of the bottle.

5. On 11/13/2015, a search warrant was conducted at the residence of Marcus WILLIAMS (620-E Pecan Lane in Garner, NC). The girlfriend of WILLIAMS, Melissa GOODWIN, was present at the time of the search. At the time, GOODWIN was on probation from a NC State conviction for the manufacturing of methamphetamine.

6. The following items recovered during the search, though not all-inclusive, are those most relevant to the drug violations listed in paragraph 2 above. Based on my experience and training, the co-located nature of these items increased my belief that these items indicate WILLIAMS' engagement in the manufacture and distribution of controlled substances:

- Two (2) grams of methamphetamine,
- Fourteen (14) packs of 20 count Pseudoephedrine pills (total = 280)
- Glass mason jar w/ liquid,
- One (1) two-liter bottle with white powder
- One (1) plastic bottle with pink granular material
- One (1) Coffee filter with white residue,
- One (1) black funnel with white residue,
- Several two-liter plastic bottles
- Several small baggies,
- Digital scales,
- Coleman fuel cans,
- Batteries,
- $2990.90 in U.S. currency
- A respirator (this item was located in the trunk of the vehicle parked at the residence and belonging to GOODWIN)



7. Analysis by the North Carolina State Crime Laboratory (NCSCL) has determined:

- The glass mason jar contained a total of 13.36 (+/- .02) grams of liquid containing Methamphetamine and Pseudoephedrine

- The coffee filter contained trace amounts (less than .1 gram) of Methamphetamine and Pseudoephedrine

8. The following items were additionally recovered during the search and are pertinent to the firearms offense listed in paragraph 2 above.

- North American Arms, Model NAA22, .22 caliber revolver (serial # L058493)

- Marlin, Model 39 Century Ltd, .22 caliber rifle (serial # 0640)

- .22 caliber ammunition

The firearms were both loaded. They were located in the bedroom of the home. The pistol was on a shelf in the closet and the rifle was found behind the bedroom door. Loose rounds of ammunition were also located in the living room of the home.

9. A review of the National Precursor Log Exchange (NPLEX) indicates that GOODWIN, WILLIAMS and WILLIAMS' brother (Craig Williams) have purchased over three hundred and twelve grams of methamphetamine precursors (i.e., substances which can be used in the production of methamphetamine, e.g., over-the-counter decongestants containing pseudoephedrine). Based on my training

and experience, it is common practice for methamphetamine producers to have several different individuals purchase precursor products for them to manufacture methamphetamine.

10. I respectfully assert that the above evidence displays that WILLIAMS conspired to and did in fact manufacture and sell Methamphetamine on a regular basis over the course of at least one year, was in possession of Methamphetamine he intended to distribute, possessed Pseudophedrine which he intended to use to manufacture Methamphetamine - all within the Eastern District of North Carolina. WILLIAMS' girlfriend, while on probation for the manufacture of methamphetamine, was at the residence where methamphetamine and items commonly used to manufacture methamphetamine were openly viewable in the home. In her car was located a respirator mask. WILLIAMS' brother, Craig, has purchased an usually large amount of precursor drugs within the last two years and he was additionally in the home just prior to the search being executed and at a time when the items commonly used to manufacture methamphetamine were openly viewable. WILLIAMS additionally had an ongoing relationship with Curtis Denton in which WILLIAMS appears to have manufactured methamphetamine which he then sold to Denton on a weekly basis. Moreover, law enforcement viewed WILLIAMS engaging in the manufacture of methamphetamine, and WILLIAMS admitted to S/A Babits that WILLIAMS used and sold methamphetamine. During the

search, methamphetamine, drug paraphernalia, and precursor drugs (Pseudoephedrine) were located. The search also located loaded firearms (to include one hidden behind a bedroom door) which were in the very residence where the narcotics manufacturing took place.

11. For these reasons, I respectfully assert that probable cause exists that Marcus WILLIAMS did Conspire to Manufacture and Distribute Methamphetamine in violation of Title 21 U.S.C. §§846 and 841(a)(1), Possess Pseudoephedrine with the intent to Manufacture Methamphetamine in violation of 21 U.S.C. § 841(c)(1), Possess Methamphetamine with the intent to Distribute in violation of 21 U.S.C. § 841(a)(1), and Possess a Firearm in Furtherance of a Drug Trafficking Offense in violation of 18 U.S.C. § 924(c)(1)(A).

Tanisha M. Jeter
Special Agent
Bureau of Alcohol Tobacco, Firearms and Explosives

Subscribed and sworn to before me
This 1st Day of ~~January~~ FEBRUARY, 2016

James E. Gates
United States Magistrate Judge
Eastern District of North Carolina